```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WILLIAM H. WYTTENBACH,

    Plaintiff,

v.                                          Case No: 2:15-cv-318-FtM-29DNF

STATE OF FLORIDA, FLORIDA
DEPARTMENT OF HEALTH, STATE
OF TENNESSEE, TENNESSEE
DEPARTMENT OF HEALTH, MOLLY
GASS, ESQ., STATE OF
COLORADO, and COLORADO
DEPARTMENT OF HEALTH,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Temporary Restraining Order (Doc. #2) filed on May 28, 2015. The Florida Department of Health filed a Response in Opposition (Doc. #4) on June 1, 2015. For the reasons set forth below, the motion is denied and plaintiff's Complaint is dismissed without prejudice to filing an Amended Complaint within fourteen days of this Opinion and Order.

**I.**

Plaintiff William H. Wyttenbach, M.D. seeks a temporary restraining order staying the disciplinary proceedings against his medical license in Colorado, Florida, and Tennessee. (Doc. #2.) Plaintiff claims that defendants deprived him of his right to procedural due process by failing to provide him with notice of the disciplinary proceedings against him or an opportunity to be

heard. Plaintiff further asserts that he has been libeled by the disciplinary actions taken by the State of Florida, the Florida Department of Health, the State of Tennessee, the Tennessee Department of Health, Molly Gass, the State of Colorado, and the Colorado Department of Health. (Doc. #1.)

A court is authorized to enter a temporary restraining order (TRO) in limited circumstances. See Fed. R. Civ. P. 65(b); Local Rule 4.05. "Such orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." Local Rule 4.05(a). The party seeking relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible"; (3) that the balance of equities favors the movant; and (4) that the TRO, if issued, will not be adverse to the public interest. Local Rule 4.05(b)(2)-(4). See also Schiavo *ex rel.* Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

After reviewing the allegations in the Complaint and the Motion for Temporary Restraining Order, the Court finds that plaintiff has failed to show a substantial likelihood of success on the merits.

**A.   Procedural Due Process**

Plaintiff first asserts that all disciplinary proceedings should be stayed because he was deprived of his right to procedural due process.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the defendant deprived the plaintiff of a right secured under the United States Constitution or federal law and (2) that such deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998). Plaintiff must also allege a causal connection between defendants' conduct and the deprivation of his constitutional right.  Swint v. City of Wadley, Ala., 51 F.2d 988, 999 (11th Cir. 1995).  To state a § 1983 claim for the denial of procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected property or liberty interest; (2) state action; (3) and constitutionally inadequate process.  J.R. v. Hansen, 736 F.3d 959, 965 (11th Cir. 2013); Miccosukee Tribe of Indians v. United States, 716 F.3d 535, 559 (11th Cir. 2013).

As a general matter, due process requires notice and an opportunity to be heard before a person may be deprived of property.  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); Gilbert v. Homar, 520 U.S. 924, 929 (1997).  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

Hudson v. Palmer, 468 U.S. 517, 533 (1984)). The state's action is not complete "until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson, 468 U.S. at 533. Thus, a claim for denial of procedural due process is actionable under § 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir.1994) (en banc). "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (citations omitted). "[P]rocedural due process violations do not even exist unless no adequate state remedies are available." Cotton, 216 F.3d at 1331 n.2.[1]

---

[1] The Eleventh Circuit has repeatedly held that a procedural due process claim can exist only if no adequate state remedies are available. See Reams v. Irvin, 561 F.3d 1258, 1266–67 (11th Cir. 2009) ("Because we conclude that available state remedies were adequate to cure any erroneous deprivation of [the plaintiff's] protected interest in her equines, [the plaintiff] has failed to establish that her procedural due process rights were violated"); Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists . . . such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation"); Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty., 202 F.3d 1297, 1300 (11th Cir. 2000) (no federal procedural due process violation if state courts "generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered"); Bell v. City of Demopolis, 86 F.3d 191, 192 (11th Cir. 1996) (affirming district court's dismissal of procedural due process in employment discrimination context because "Alabama has available a satisfactory means by which [the plaintiff] can seek redress for any procedural due process deprivation").

Here, plaintiff asserts that the Tennessee Department of Health held a hearing and issued an order revoking plaintiff's medical license without providing plaintiff with notice or an opportunity to be heard.[2] Plaintiff, however, has failed to allege or otherwise establish that no adequate state remedies were available. Indeed, plaintiff alleges that he is currently appealing the order issued by the Tennessee Department of Health. Because plaintiff has failed to allege that defendants refused to provide a process sufficient to remedy the alleged procedural deprivation, he has failed to show a substantial likelihood of success on the merits of his claim for deprivation of procedural due process.

**B.  Defamation**

Plaintiff also asserts that the disciplinary action taken by defendants amounts to defamation because it was baseless. In Florida, defamation encompasses both libel and slander and has been defined as "the unprivileged publication of false statements which naturally and proximately result in injury to another." Byrd v. Hustler Magazine, Inc., 433 So. 2d 593, 595 (Fla. 4th DCA 1983). In order to recover for defamation, "a plaintiff must show that the defendant published false and defamatory statements concerning him, without reasonable care as to whether those

---

[2]Plaintiff does not plausibly allege that any of the remaining defendants deprived him of a constitutionally protected property interest.

statements were true or false, which resulted in actual damage to the plaintiff." American Airlines, Inc. v. Geddes, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) (citing Byrd, 433 So. 2d at 595).

In this matter, plaintiff has failed to allege or otherwise establish that any of the defendants made a false or defamatory statement or that such a statement was published. Plaintiff has therefore failed to show a substantial likelihood of success on his claim for defamation. Accordingly, plaintiff's request for a TRO is denied.

**II.**

For the reasons set forth above, the Court also finds that plaintiff has failed to state a claim upon which relief may be granted. Dismissal is therefore warranted. If plaintiff choses to amend his complaint, he may file an Amended Complaint more clearly setting forth his claim(s) and requested relief.

The Amended Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-

- 6 -

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). To satisfy these requirements, plaintiff must clearly describe how each defendant is involved in the alleged claims and provide factual support for the alleged violations. To that end, the Court encourages plaintiff to review the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (Doc. #2) is **DENIED.**

2. The Complaint is **DISMISSED without prejudice** to filing an Amended Complaint within **fourteen (14) days** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of June, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record