```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

WILLIAM H. WYTTENBACH,

    Plaintiff,

v.                                    Case No: 2:15-cv-318-FtM-29DNF

STATE OF FLORIDA, FLORIDA
DEPARTMENT OF HEALTH, STATE
OF TENNESSEE, TENNESSEE
DEPARTMENT OF HEALTH, MOLLY
GASS, ESQ., STATE OF
COLORADO, and COLORADO
DEPARTMENT OF HEALTH,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Second Motion for Emergency Hearing and Temporary Restraining Order (Doc. #7) filed on June 12, 2015.

Plaintiff William H. Wyttenbach, M.D. initiated this action on May 26, 2015, by filing a Complaint against the State of Florida, the Florida Department of Health, the State of Tennessee, the Tennessee Department of Health, Molly Gass, the State of Colorado, and the Colorado Department of Health. (Doc. #1.) On May 28, 2015, plaintiff filed an Emergency Motion for Temporary Restraining Order seeking a stay of the disciplinary proceedings against his medical license in Colorado, Florida, and Tennessee. (Doc. #2.) The Court denied plaintiff's motion on June 4, 2015,

and dismissed the Complaint without prejudice for failure to state a claim upon which relief may be granted.  (Doc. #5.)

On June 5, 2015, plaintiff attended an "illegal" disciplinary hearing before the Florida Board of Medicine regarding the revocation of his medical license in Tennessee.  After the hearing, the Florida Board of Medicine entered an Order suspending plaintiff's medical license in Florida.  Plaintiff contends that the hearing deprived him of his right to procedural due process and now seeks a temporary restraining order (TRO) voiding the Florida Board of Medicine's Order.

The applicable legal standards for obtaining a TRO and establishing a claim for the denial procedural due process are set forth in the Court's Opinion and Order denying plaintiff's first motion for a TRO, and are incorporated herein.  (Doc. #5, pp. 2-4.)

Plaintiff asserts that the he was deprived of his right to procedural due process because the Florida Board of Medicine failed to provide him with a fair and impartial hearing.  Plaintiff, however, has failed to allege or otherwise establish that no adequate state remedies were available to remedy the alleged deprivation.  See Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000).  As such, the Court finds that plaintiff has failed to show a substantial likelihood of success on the merits of his

claim for deprivation of procedural due process.  Plaintiff's request for a TRO is therefore denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Emergency Hearing and Temporary Restraining Order (Doc. #7) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:

Plaintiff
Counsel of Record