UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM H. WYTTENBACH,

      Plaintiff,

v.                                    Case No: 2:15-cv-318-FtM-29MRM

STATE OF FLORIDA, FLORIDA
DEPARTMENT OF HEALTH, STATE
OF TENNESSEE, TENNESSEE
DEPARTMENT OF HEALTH, MOLLY
GASS, ESQ., STATE OF
COLORADO, COLORADO
DEPARTMENT OF HEALTH, DRUG
ENFORCEMENT ADMINISTRATION,
UNKNOWN DEA AGENT, STATE OF
WASHINGTON, WASHINGTON
DEPARTMENT OF HEALTH,
KENTUCKY MEDICAL BOARD, and
KY AGO OFFICE,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants State of Colorado and the Colorado Department of Health's Motion to Dismiss (Doc. #33) filed on January 25, 2016, defendants State of Washington and the Washington Department of Health's Motion to Dismiss (Doc. #34) filed on February 1, 2016, and defendant Florida Department of Health's Motion to Dismiss (Doc. #35) filed on February 1, 2016. Plaintiff filed a Response to the Motions to Dismiss (Doc. #36) on March 3, 2016.

Upon review of plaintiff's Second Amended Complaint, the Court finds that plaintiff has failed to cure the pleading deficiencies that existed in plaintiff's Amended Complaint (Doc. #8) and identified in the Court's November 4, 2015 Order (Doc. #29). While plaintiff lists a number of causes of action that he is attempting to assert (Doc. #32, p. 1), plaintiff does not separate each cause of action into separate counts nor does he indicate which cause of action is being asserted against which defendant(s) – both of which are in violation of the Eleventh Circuit's firm stance against shotgun pleadings. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015).

The Court will allow plaintiff another opportunity to cure the pleading deficiencies present in the Second Amended Complaint. If plaintiff avails itself of the opportunity to file a Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Each claim "founded on a separate transaction or occurrence" – i.e., cause of action – must be stated in a separate "Count." Id. Plaintiff is further directed to clearly indicate which Count is being asserted against which defendant(s).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Second Amended Complaint (Doc. #32) is **dismissed without prejudice**. Plaintiff shall file a Third Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Defendants State of Colorado and the Colorado Department of Health's Motion to Dismiss (Doc. #33) is **denied as moot**;

3. Defendants State of Washington and the Washington Department of Health's Motion to Dismiss (Doc. #34) is **denied as moot**; and

4. Defendant Florida Department of Health's Motion to Dismiss (Doc. #35) is **denied as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Parties of record