UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM H. WYTTENBACH,

      Plaintiff,

v.                                    Case No: 2:15-cv-318-FtM-29MRM

STATE OF FLORIDA, FLORIDA
DEPARTMENT OF HEALTH, STATE
OF TENNESSEE, TENNESSEE
DEPARTMENT OF HEALTH, MOLLY
GASS, ESQ., STATE OF
COLORADO, COLORADO
DEPARTMENT OF HEALTH, DRUG
ENFORCEMENT ADMINISTRATION,
UNKNOWN DEA AGENT, STATE OF
WASHINGTON, WASHINGTON
DEPARTMENT OF HEALTH,
KENTUCKY MEDICAL BOARD, KY
AGO OFFICE, and TN MED.
BOARD,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant Florida Department of Health's Motion to Dismiss Third Amended Complaint with Prejudice (Doc. #39) filed on July 5, 2016, Colorado Defendants' Motion to Dismiss Third Amended Complaint (Doc. #40) filed July 8, 2016, and Washington Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice (Doc. #41) filed on July 8, 2016. Plaintiff filed a Response to all three

motions (Doc. #43) on November 9, 2016 and Colorado Defendants filed a Reply (Doc. #44) on November 16, 2016.

## I.

On May 26, 2015, plaintiff brought this action. (Doc. #1.) Plaintiff's Third Amended Complaint, the operative pleading before the Court, appears to assert claims against the following defendants: DEA Drug Enforcement Agency; Unknown DEA Agent; State of Florida; Florida Department of Health; State of Tennessee; Tennessee Department of Health; Molly Gass, Esq.; Tennessee Medical Board; State of Colorado; Colorado Department of Health; State of Washington; Washington Department of Health; Kentucky Medical Board; & Kentucky Attorney General Office.[1] (Doc. #38, p. 1.) The crux of plaintiff's Third Amended Complaint is that he is a medical doctor whose license was improperly revoked or suspended by various states and their agencies. (See Doc. #38.) Plaintiff's Third Amended Complaint contains eighteen counts, each one paragraph in length and each brought against either all "defendants" or multiple defendants. (Id. ¶¶ 40-57.) Each of

---

[1] Only the Florida Department of Health, the Colorado Defendants, and the Washington Defendants have filed motions to dismiss in this case. (Docs. ##39-41.) While the other defendants have not responded to plaintiff's Third Amended Complaint, or otherwise appeared in this case, the Court is unable to determine whether they were served in this matter. The docket only indicates that three summonses were issued – for the State of Colorado, State of Florida, and State of Tennessee (Doc. #3), and no returns of service have been filed.

plaintiff's previously filed complaints were dismissed for failure to state a claim or as a "shotgun" pleading (Docs. ## 5, 29, 37), and despite the Court's guidance in re-pleading, plaintiff's Third Amended Complaint suffers from the same deficiencies.

Upon review, it is clear that plaintiff's Third Amended Complaint is a shotgun pleading often condemned by the Eleventh Circuit.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015).  The Eleventh Circuit Court of Appeals has delineated the "four rough types or categories of shotgun pleadings" that have been filed since 1985:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against.

Id. at 1321-23.

The Eleventh Circuit has also noted that, "[w]hile plaintiffs have the responsibility of drafting complaints [that do not constitute shotgun pleadings], defendants are not without a duty

3

of their own in this area. . . . [A] defendant faced with a shotgun pleading should move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." Id. at 1321 n.10. Where the parties fail to so comply, the Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Id. See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Here, plaintiff's Third Amended Complaint contains eighteen, one-paragraph counts, each brought against either all "defendants" or multiple defendants. (Doc. #38, ¶¶ 40-57.) This makes it nearly impossible for each of the defendants to frame a responsive pleading. Further, plaintiff's Third Amended Complaint is replete with vague, conclusory allegations. (See id. ¶ 43 ("Defendants . . . committed tort assault against plaintiff . . . ."); id. ¶ 44 ("Defendants . . . committed libel assaults against Plaintiff by public written false revocation and suspension . . . ."); id. ¶ 48 ("Defendants states of TN, KY, CO, WA, FL committed federal RICO law violations . . . ."); id. ¶ 50 ("Defendants, in conspiracy and for the extortion of fines, violated plaintiff causing wrongful harm.")).

Therefore, plaintiff's Third Amended Complaint is once again due to be dismissed. The Court will dismiss plaintiff's Third Amended Complaint without prejudice. The Court will allow

4

plaintiff one final opportunity to cure the pleading deficiencies present in the Third Amended Complaint.  If plaintiff avails himself of the opportunity to file a Fourth Amended Complaint, plaintiff should take care to plead the elements of each cause of action and succinctly articulate the facts as they relate to each defendant and each cause of action.  Plaintiff should attempt to organize his allegations in a coherent, comprehensible manner that provides the factual basis for each cause of action and allows defendants to file a responsive pleading.  As previously advised (see Doc. #29), the Court reminds plaintiff to review both the Local Rules and the Federal Rules of Civil Procedure, particularly Rules 8 and 10 of the Federal Rules of Civil Procedure, and the resources available on this Court's website at www.flmd.uscourts.gov.

The Court has provided plaintiff ample opportunity to re-plead in conformity with the rules, and the repeated dismissal of plaintiff's pleadings without reaching the merits wastes both the parties and the Court's resources.  This will be the last chance provided to plaintiff before the Court dismisses plaintiff's claims with prejudice.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Third Amended Complaint is dismissed without prejudice.  Plaintiff shall file a Fourth Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2.   Defendants' Motions to Dismiss (Docs. ##39, 40, 41) are **denied as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record