```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WILLIAM H. WYTTENBACH,

    Plaintiff,

v.                                              Case No: 2:15-cv-318-FtM-29MRM

STATE OF FLORIDA, FLORIDA DEPARTMENT OF HEALTH, STATE OF TENNESSEE, TENNESSEE DEPARTMENT OF HEALTH, MOLLY GASS, ESQ., STATE OF COLORADO, COLORADO DEPARTMENT OF HEALTH, DRUG ENFORCEMENT ADMINISTRATION, UNKNOWN DEA AGENT, STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF HEALTH, KENTUCKY MEDICAL BOARD, and KY AGO OFFICE,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Colorado Defendants' Motion to Dismiss Fourth Amended Complaint (Doc. #47) filed on February 3, 2017; Florida Department of Health's Motion to Dismiss Plaintiff's Fourth Amended Complaint with Prejudice (Doc. #48) filed on February 8, 2017; and Washington Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. #49)

filed on February 8, 2017.[1]  Plaintiff filed a Response to Defendants' Motions to Dismiss (Doc. #51) on March 31, 2017 and Colorado Defendants filed a Reply (Doc. #52) on April 3, 2017.[2]  For the reasons stated below, the motions are due to be granted.

**I.**

On May 26, 2015, plaintiff brought this action.  (Doc. #1.)  Plaintiff's Fourth Amended Complaint, the operative pleading before the Court, appears to assert claims against the following defendants:  DEA Drug Enforcement Agency; Unknown DEA Agent; State of Florida; Florida Department of Health; State of Tennessee; Tennessee Department of Health; Molly Gass, Esq.; State of Colorado; Colorado Department of Health; State of Washington; Washington Department of Health; Kentucky Medical Board; and the Kentucky Attorney General Office.[3]  (Doc. #46, p. 1.)

---

[1] The State of Washington and Washington Department of Health join, adopt, and incorporate by reference the motions to dismiss filed by the other defendants.  (Doc. #49, p. 2.)

[2] Colorado Defendants did not request leave of Court to file a Reply as required by the local rules.  M.D. Fla. R. 3.01(c).  Therefore, the Reply will not be considered in this ruling.

[3] Only the Colorado Defendants, the Florida Department of Health, and the Washington Defendants have filed motions to dismiss in this case.  (Docs. ##47, 48, 49.)  While the other defendants have not responded to plaintiff's Fourth Amended Complaint, or otherwise appeared in this case, the Court is unable to determine whether they were served in this matter.  The docket only indicates that three summonses were issued – for the State of Colorado, State of Florida, and State of Tennessee (Doc. #3), and no returns of service have been filed.

The crux of plaintiff's Fourth Amended Complaint is that he is a medical doctor whose license was improperly revoked or suspended by various states and their agencies. (See Doc. #49.) While not entirely clear, it appears that plaintiff is attempting to set forth causes of action for RICO, due process violations, and libel. Defendants State of Colorado, Colorado Department of Public Health and Environment ("CDPHE") (together "Colorado Defendants"), Florida Department of Health ("FDOH"), State of Washington, and Washington Department of Health ("WDOH") (together "Washington Defendants") have moved to dismiss plaintiff's claims against them. (Docs. ##47, 48, 49.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"Generally, the existence of an affirmative defense will not support a motion to dismiss," Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), aff'd on reh'g, 764 F.2d 1400 (11th Cir. 1985) (en banc) (per curiam) (reinstating panel opinion), because plaintiffs are not required to negate an affirmative defense in their complaint. La Grasta v. First Union

Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." Quiller, 727 F.2d at 1069. See also La Grasta, 358 F.3d at 845 ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred" (quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003))); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008)(same).

A pleading drafted by a party proceeding *pro se*, like the Fourth Amended Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). "This liberal construction, however, does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. 2014) (internal quotation marks and citations omitted). *Pro se* parties are still required to conform to the procedural rules. Id.

### III.

**A. Shotgun Pleading**

This Court has dismissed plaintiff's complaints on three previous occasions for their failure to conform to pleading

5

standards.  (Docs. ##29, 37, 45.)  The Court has given plaintiff ample opportunity to cure the pleading deficiencies and, despite being given these opportunities and warned that dismissal would result if the deficiencies remained, plaintiff's Fourth Amended Complaint is no improvement from plaintiff's previous attempts. Rather than comply with the Court's previous instructions, plaintiff attempts to set forth his claims while also intermittently responding to issues he disagrees with in the Court's December 21, 2016 Order.  (See Doc. #46.)  The Court finds that the Fourth Amended Complaint being a shotgun pleading warrants dismissal with prejudice.  (See Doc. #45, p. 5.)  The Court also finds that even if plaintiff's Fourth Amended Complaint was not a shotgun pleading, plaintiff's Fourth Amended Complaint would still be subject to dismissal with prejudice against the defendants who have filed motions to dismiss for the reason set forth below.

**B. Eleventh Amendment Immunity**

Each defendant moves to dismiss the claims against it as barred by the Eleventh Amendment.  (Doc. #47, pp. 2-5; Doc. #48, p. 2; Doc. #49, pp. 4-5.)  Plaintiff responds that Eleventh Amendment immunity does not apply.  (Doc. #51, pp. 4-6.)

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. Despite its literal language, the Eleventh Amendment also precludes suits by citizens against their own states in federal court, Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (1973) (collecting cases), and suits in federal courts against an agency that is an arm of the state, Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., 421 F.3d 1190, 1192 (11th Cir. 2005) (citation omitted); Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000).

The State of Colorado and the State of Washington are clearly states. The CDPHE is a state agency that functions as an arm of the State of Colorado. See Colo. Rev. Stat. § 24-1-110(1) (listing the CDPHE as one of twenty principal departments to which "all executive and administrative offices, agencies, and instrumentalities of the executive department of the state government" are allocated); id. § 24-1-119. Its department head is appointed by the governor with the consent of the state senate, id. § 24-1-119(1), and it is empowered with a wide range of authority relating to the health of Colorado residents, see e.g., id. §§ 25-1.5-101 to 25.1.5-110. Plaintiff has not offered any basis for the Court to conclude that CDPHE is not an agency of the State of Colorado.

7

The FDOH is also an agency of the State of Florida and functions as an arm of the State of Florida. See Fla. Stat. § 20.43. The purpose of the FDOH is to "protect and promote the health of all residents and visitors in the state through organized state and community efforts, including cooperative agreements with counties." Id. § 20.43(1). The head of the FDOH is the state surgeon general who is appointed by the governor with the consent of the senate. Id. § 20.43(2). Plaintiff has not offered any basis for the Court to conclude that the FDOH is not an agency of the State of Florida.

The WDOH is also an agency of the State of Washington and functions as an arm of the State of Washington. See Wash. Rev. Code § 43.70.020. The WDOH has a wide range of authority relating to the health of Washington residents. Id. §§ 43.70.005, 43.70.020. The head of the FDOH is the secretary of health, who is appointed by the governor. Id. § 43.70.030. Plaintiff has not offered any basis for the Court to conclude that the WDOH is not an agency of the State of Washington.

The State of Colorado, the CDPHE, the FDOH, the State of Washington, and the WDOH are therefore entitled to Eleventh Amendment immunity unless their immunity has been waived or abrogated. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Seminole Tribe of Fla. v. Florida, 11 F.3d 1016, 1021-22 (11th Cir. 1994). The Court finds that these defendants

have not waived their Eleventh Amendment immunity and no statute abrogates it.[4]

Plaintiff alleges that 28 U.S.C. § 3002 section 15A defines the United States as a federal corporation and that this Court is an Article IV court, not an Article III court, and no immunity is conferred in an Article IV court. (Doc. #51, p. 4.) First, the section cited by plaintiff is within the Fair Debt Collection Procedure, therefore inapplicable to the issues before the Court. Therefore, the Court rejects this argument. The Court likewise rejects plaintiff's position that this Court is an Article IV court, in which immunity does not apply. See U.S. Const. art. III, § 1; 28 U.S.C. §§ 89, 132.

Plaintiff also asserts that the Ex parte Young exception[5] to Eleventh Amendment immunity applies to the case at hand. (Doc. #51, p. 6.)

"Under the doctrine of Ex parte Young, there is a long and well-recognized exception to [Eleventh Amendment immunity] for

---

[4] While these states have waived immunity to some suits in state courts, this does not waive immunity in federal courts. See Colo. Rev. Stat. § 24-10-106; Fla. Stat. § 768.28; Wash. Rev. Code § 4.92.090; Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990); Skokomish Indian Tribe v. France, 269 F.2d 555, 562 n.20 (9th Cir. 1959) (citation omitted); Verner v. Colorado, 533 F. Supp. 1109, 1114 (D. Colo. 1982) (citing Edelman v. Jordan, 415 U.S. 651, 677 n.19 (1974)).

[5] Ex parte Young, 209 U.S. 123 (1908).

suits against state officers seeking prospective equitable relief to end continuing violations of federal law." Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1219 (11th Cir. 2000) (citations omitted). Ex parte Young applies only when state officials are sued for prospective relief in their official capacity. While the Ex parte Young exception applies to state officials, it does not apply to state agencies. Eubank v. Leslie, 210 F. App'x 837, 844 (11th Cir. 2006) ("State agencies, however, are never subject to unconsented suit, even under the doctrine of Ex parte Young. . . . It does not permit suit against state agencies or the state itself, even when the relief is prospective." (citing Halderman, 465 U.S. at 100-03)). This is because "[t]he theory behind Ex parte Young is that a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." Camm v. Scott, 834 F. Supp. 2d 1342, 1348 (M.D. Fla. 2011) (quoting Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011)). The defendants whose motions to dismiss are before the Court are not state officials in their official capacities. Therefore, the Ex parte Young exception is inapplicable to the State of Colorado, the CDPHE, the FDOH, the State of Washington, and the WDOH.

Plaintiff also suggests that section 1983 waives any potential Eleventh Amendment immunity these defendants may have. (Doc. #51, pp. 6-11.)

It is clearly established that section 1983 does not waive the State of Colorado, the CDPHE, the FDOH, the State of Washington, or the WDOH's Eleventh Amendment immunity. "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." Cross v. Ala. State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1502 (11th Cir. 1995) (citing Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990)). See also Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1512 (11th Cir. 1986). In Monell v. Department of Social Services, the Supreme Court held that "persons" within the meaning of section 1983 includes individuals, municipalities, and other local government units. 436 U.S. 658, 690–91 (1978). "Persons" does not include a state or an arm of a state. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the State of Colorado, the CDPHE, the FDOH, the State of Washington, and the WDOH are not persons under section 1983.

For the reasons stated herein, the Court grants defendants' Motions to Dismiss (Docs. ##47, 48, 49) and dismisses the claims against the State of Colorado, the Colorado Department of Public Health and Environment, the Florida Department of Health, the State

of Washington, and the Washington Department of Health with prejudice.

The Court orders plaintiff to advise the Court within fourteen (14) days of this Opinion and Order whether the other defendants referenced in the Fourth Amended Complaint were served with process. If plaintiff fails to file anything within this fourteen day period, the Court will direct the Clerk to terminate any and all pending motions and close the file.

Accordingly, it is now

**ORDERED:**

1. Colorado Defendants' Motion to Dismiss Fourth Amended Complaint (Doc. #47) is **GRANTED;**

2. Defendant Florida Department of Health's Motion to Dismiss Plaintiff's Fourth Amended Complaint with Prejudice (Doc. #48) is **GRANTED**;

3. Washington Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. #49) is **GRANTED**;

4. All claims asserted against the State of Colorado, the Colorado Department of Public Health and Environment, the Florida Department of Health, the State of Washington, and the Washington Department of Health are **dismissed with prejudice**.

5. Within **fourteen (14) days** of this Opinion and Order, plaintiff shall advise the Court as to whether the other defendants named in the Fourth Amended Complaint were served with process.

Failure to comply will result in the case being closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Parties of record